# In the

# United States Court of Appeals

## For the Seventh Circuit

No. 06-2374

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

JAMES HARRY RAND
also known as Harry Rand,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 01-CR-1069—**Joan B. Gottschall,** *Judge.*

On Petition for Rehearing with Suggestion
for Rehearing En Banc

JULY 2, 2007

Before EASTERBROOK, *Chief Judge*, and POSNER, FLAUM, RIPPLE, MANION, KANNE, ROVNER, WOOD, EVANS, WILLIAMS, and SYKES, *Circuit Judges.*

The defendant-appellant, James Harry Rand, filed a petition for rehearing and a petition for rehearing en banc on April 19, 2007. The petition for rehearing is DENIED. A vote was requested on the petition for rehearing en banc, and a majority of the judges in regular service voted to deny the petition. Circuit Judges Ripple, Rovner, Wood, and Williams voted to grant the petition.

Accordingly, the petitions filed on April 19, 2007, are DENIED.

ROVNER, *Circuit Judge*, with whom WOOD and WILLIAMS join, dissenting from the denial of rehearing *en banc*. Not content to entrust this matter to the State of Illinois to prosecute James Rand for any number of state crimes relating to aiding and abetting murder, the United States government chose to prosecute Rand for the ill-suited federal crime of witness-tampering. The government, it would seem, sees this an opportunity to expand the application of witness tampering statutes to all manner of crimes in which a criminal takes steps to evade capture (in other words, nearly all crimes). In fact, one need look no further than the government's answer to the petition for rehearing to uncloak its plan to federalize crimes ordinarily left to the jurisdiction of state courts by applying witness tampering statutes to any attempts criminals take to divert law enforcement from their trails: "Defendant does not explain why he believes it is a stretch to apply the statute to a bank robber who [while the crime is in progress] threatens the victim teller with harm if the teller identifies the robber. That would seem to be a paradigm case for application of Section 1512." (Answer of the United States to the Petition for Rehearing and Suggestion for Rehearing *En Banc* at 6, n.2). Because of my concern about the unrestrained use of witness tampering statutes in areas not contemplated by Congress, and for the other reasons stated in my dissent in this case at *United States v. Rand*, 482 F.3d 943, 949-52 (7th Cir. 2007), I respectfully dissent from the denial of the request for rehearing *en banc* in this matter.

No. 06-2374 3

A true Copy:

Teste:

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*